## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAMES SETTLEMENT SERVICES )
INTERNATIONAL, LLC, )
     Plaintiff, )
vs. )    Civil Action File No.:
CONESTOGA TRUST )    1:17-cv-04680-CAP
SERVICES, LLC, )
     Intervenor Plaintiff, )
vs. )
EUGENE E. HOUCHINS, III,  et al., )
     Defendants. )
                                    )

## DEFENDANT AMERICAN LIFE FUND CORP.'S RESPONSE TO PLAINTIFF JAMES SETTLEMENT SERVICES INTERNATIONAL, LLC'S STATEMENT OF ADDITIONAL MATERIAL FACTS

Pursuant to Local Rule 56.1(B)(3), Defendant American Life Fund Corp. ("American Life") hereby responds to Plaintiff James Settlement Services International, LLC's "*Statement of Additional Facts Which it Contends are Material and Present a Genuine Issue for Trial Related to its Claims Against Defendant American Life Fund Corp.*" at ECF 107 as follows:

## I.    Introduction and General Objections

JSSI has presented this Court with a separate statement of 63 additional "material" facts that it contends present a genuine issue for trial as to American Life. (ECF 107.)  The overwhelming majority of JSSI's "additional" facts are completely

1

immaterial to the issues raised in American Life's Motion for Summary Judgment. *See Hickson Corp. v. Northern Crossarm Co.*, 357 F. Supp. 2d 1256, 1259 (N.D. Ga. 2004). Further, many of JSSI's additional facts do not comply with Local Rule 56.1, which requires a non-movant to state any additional facts in a non-conclusory, concise manner, separately numbered and supported by competent admissible evidence. Finally, a number of these facts are identical to the facts that JSSI previously said were "undisputed" and did not present an issue for trial in its own summary judgment motion. (*See* JSSI's SUMF at ECF 89-9.) The few additional facts that are properly before the Court actually support entry of summary judgment in favor of American Life, as they plainly demonstrate that American Life had nothing to do with either the issuance of the Collins Policy in 2008 or its subsequent sale to JSSI or Conestoga.

## II. Specific Responses to JSSI's Statement of Additional Facts

1.  *A life settlement is a transaction whereby the owner of a life insurance policy sells the life insurance policy to a third party for an amount greater than the policy's cash surrender value but less than its face value benefit. (Complaint [Doc. No. 1] at 4 ¶ 8; Answers [Doc. No. 9 & Doc. No. 10] at 3 ¶ 8.)*

**RESPONSE:** American Life objects that the asserted fact is not material to the summary judgment issues involving American Life and does not present an issue for trial as to American Life. American Life objects that the asserted fact does not conform to the requirements of LR 56.1(B)(1), in that it is solely a citation to

2

pleadings, is not supported by competent summary judgment evidence, and to the extent it represents a legal conclusion, since a "life settlement" is a defined term under the Georgia Life Settlements Act.

2. *James Settlement is a company who operates in the life settlement industry and purchases and sells life insurance policies via life settlements. (Exh. 1, 7/19/19 James Depo. at 13.) Ronald James ("James") is the sole member of James Settlement. (Exh. 1, 7/19/19 James Depo. at 10-11.)*

**RESPONSE:**    American Life objects that the asserted facts are not material to the summary judgment issues involving American Life and do not present an issue for trial as to American Life.  American Life also objects that the proffered evidence does not support the asserted fact that James's residence and James Settlement's office are in California.

3. *During the relevant time period, Houchins, III and Houchins, Jr. were insurance brokers and life settlement brokers. (Exh. 2, Houchins, III Depo. at 386-87; Complaint [Doc. No. 1] at 4 ¶ 7; Answers [Doc. No. 9 & Doc. No. 10] at 3 ¶ 7.) American Life was also a licensed life settlement broker. (Exh. 2, Houchins, III Depo. at 93.)*

**RESPONSE:**    American Life objects that the first sentence does not conform to the requirements of LR 56.1(B)(1), in that it contains a citation to pleadings and is not material to the summary judgment issues involving American Life.  American Life also objects that the asserted facts are not supported by the proffered deposition testimony.  American Life has only held a life settlement

broker's license since 2016, which is not during the time the Collins Policy was obtained or sold.

4.     *Houchins, III was the sole owner, managing member, and president of BLF and BLC. (Exh. 6, Corporate Defendants' Depo. at 154-156.)*

**RESPONSE:**     No objection to the Court's consideration of this fact as to BLF; however, American Life objects that this additional fact as to BLC is immaterial to the summary judgment issues involving American Life, as BLC is not a party to this action, no claims have been alleged against BLC, and any successor liability cannot be based on BLC.

5.     *Houchins, III used the same email address in conducting business through BLC and BLF; and Houchins, III used these companies interchangeably in conducting business. (Exh. 6, Corporate Defendants' Depo. at 216-230, Exhs. 51, 53, 54, 55.)*

**RESPONSE:**     American Life objects that the asserted facts are not material to the summary judgment issues involving American Life and do not present an issue for trial as to American Life.  American Life objects to the statement that Houchins III "used these companies interchangeably," as it is not supported by the proffered deposition testimony and exhibits.

6.     *Houchins, III is the sole owner and president of American Life. (Exh. 2, Houchins, III Depo. at 331; Exh. 6, Corporate Defendants' Depo. at 155-156.)*

**RESPONSE:**     No objection.

7.     *At all relevant times, Houchins, III controlled the operations of BLF, BLC and American Life. (Exh. 2, Houchins, III Depo. at 7, 8, 34, 330-33; Exh. 6, Corporate Defendants' Depo. at 154-156; Complaint [Doc. No. 1] at 4 ¶ 7; Answers [Doc. No. 9 & Doc. No. 10] at 3 ¶ 7.)*

**RESPONSE:**     No objection as to BLF and American Life; however, American Life notes that the asserted fact does not conform to the requirements of LR 56.1(B)(1)(b) in that it is solely a citation to pleadings and is not supported by competent summary judgment evidence.   As to BLC, American Life objects that this additional fact is immaterial to the summary judgment issues involving American Life, because BLC is not a party to this action, no claims have been alleged against BLC, and any successor liability cannot be based on BLC.

8.     *BLF, BLC and American Life maintained offices at the same address and used the same telephone number. (Exh. 6, Corporate Defendants' Depo. at 218, 226, Exhs. 35, 54, 55, 58.)*

**RESPONSE:**     No objection as to BLF and American Life.  As to BLC, American Life objects that this additional fact is immaterial to the summary judgment issues involving American Life, because BLC is not a party to this action, no claims have been alleged against BLC, and any successor liability cannot be based on BLC.

9.     *A stranger originated life insurance ("STOLI") policy, which is also known as a manufactured policy, is a life insurance policy obtained for the purpose of selling it in a life settlement transaction. (Exh. 1, 7/19/19 James Depo. at 32, 36.) It is a policy initiated by someone without an insurable interest in the life of the insured. (Exh. 4, 8/20/19 McDermott Depo. at 56.) A typical STOLI program*

5

*involves someone recruiting elderly people to apply for life insurance with the initial premiums being paid by someone else and the policy being sold to an investor shortly after issuance. (Exh. 1, 7/19/19 James Depo. at 36.) STOLI policies are illegal in most states. (Exh. 1, 7/19/19 James Depo. at 36.)*

**RESPONSE:**      American Life objects that the asserted facts are not material to the summary judgment issues before this Court and do not create a genuine issue to be tried as to American Life.  American Life also objects the proffered definition of a STOLI policy in the first sentence does not conform to the requirements of LR 56.1(B)(1) and constitutes an impermissible legal conclusion. American Life objects that JSSI's self-serving testimony regarding a "typical STOLI program" and his opinions concerning the legality of STOLI policies in the second sentence assert impermissible legal conclusions and are not supported by competent summary judgment evidence.

10.    *Houchins, III designed and implemented through his companies a STOLI "program" whereby he would recruit elderly people to apply for and obtain life insurance for the purpose of selling the policies via life settlements. (Exh. 2, Houchins, III Depo. at 53, 107-110, 116, 242, 249-50, 254-55, 257-58, 264, 268, 270, 341-42, 348-49, 353, 375-386, 393-96, Exhs. 3, 4, 7, 8, 16, 18, 21, 22, 24, 26, 28, 29, 45, 47, 48, 53, 54, 55, 56.)*

**RESPONSE:**      American Life objects that the asserted facts are not material to the summary judgment issues before this Court and do not create a genuine issue to be tried as to American Life.  American Life objects that the asserted facts do not conform to the requirements of LR 56.1(B)(1), as it is not a separate,

concise, numbered statement of a material fact, supported by competent summary judgment evidence, but instead is an impermissible, argumentative conclusion cobbled together from over 30 non-consecutive pages of deposition testimony. American Life further objects to the statements that there was a "STOLI program" and that life insurance was obtained "for the purpose of selling the policies via life settlements," as these are not supported by the proffered deposition testimony and exhibits. American Life also objects that this "fact" lacks proper foundation, is unsupported by documentary evidence, and cannot be presented in a form that would be admissible in evidence.

11.    *As part of the "program," Houchins, III entered into an agreement with Robert Coppock ("Coppock") whereby Coppock would earn compensation for recruiting individuals to participate in the program. (Exh. 2, Houchins, III Depo. at 60, 64-65, 88, 69, 106, Exhs. 4, 5, 7, 53.)*

**RESPONSE:**    American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life. American Life objects that the asserted fact does not conform to the requirements of LR 56.1(B)(1) and is not supported by competent summary judgment evidence. American Life further objects to the statements concerning a "program," that the agreement was between Houchins III and Coppock, and that per the agreement, "Coppock would earn compensation for recruiting individuals to participate in the program," as these are inferences or conclusions that

7

are not supported by the proffered deposition testimony and exhibits.  Rather, the deposition testimony and exhibits show that BLC (a non-party) and Coppock entered into an agency agreement, through which Coppock could earn commissions.

*12.    In 2012, Coppock recruited Mr. Collins to participate in the program, and referred him to Houchins, III. (Exh. 2, Houchins, III Depo. at 83, 106, Exh. 7.)*

**RESPONSE:**        American Life further objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life. American Life objects that the proffered exhibit has not been properly authenticated and is not admissible summary judgment evidence.  American Life also objects to this additional fact because as it is not supported by the proffered deposition testimony and exhibits.  The deposition testimony and exhibits establish that Coppock introduced Collins to Houchins III for the purpose of obtaining life insurance—not to participate in any "program."

*13.    Mr. Collins was a resident of Tennessee (Exh. 2, Houchins, III Depo. at 248; Exh. 6, Corporate Defendants' Depo. at 18.)*

**RESPONSE:**        American Life admits that the Court can consider this additional fact, but denies that it creates a genuine issue to be tried as to American Life.

*14.    At Houchins, III's and BLC's request, Mr. Collins filled out a form entitled "Application Short Form Questionnaire" and provided it to Houchins, III. (Exh. 2, Houchins, III Depo. at 341-43, Exh. 45.) The form reflected that Mr. Collins net worth was $2,096,402.57 and yearly income was $171,352.20. (Id.)*

8

**RESPONSE:**       American Life objects that the asserted facts are not material to the summary judgment issues before this Court and do not create a genuine issue to be tried as to American Life. American Life objects that this additional fact does not comply with LR 56.1(B)(1), as it is not a separate, concise, numbered statement of a material fact, supported by competent summary judgment evidence.  American Life also objects to the second sentence stating that the form reflects Mr. Collins had a "yearly income" of $171,352.20, as it is not supported by the proffered deposition testimony and exhibits.

15.    *Mr. Collins also signed and provided other forms and documents to Houchins, III so Houchins, III could apply for life insurance policies and sell the policies via life settlements. (Exh. 2, Houchins, III Depo. at 139-41, Exh. 12.)*

**RESPONSE:**       American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life. American Life objects to the statement that Houchins III applied for life insurance policies to "sell the policies via life settlements," as it is not supported by the proffered deposition testimony and exhibits, and because Houchins III was not the applicant for any life insurance policies at issue in this case.

16.    *Life expectancy reports are obtained and used in life settlement transactions to determine the value of policies. (Exh. 2, Houchins, III Depo. at 385.)*

**RESPONSE:**       American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue

9

to be tried as to American Life. American Life objects that the asserted fact is not supported by the proffered deposition testimony, as the proffered testimony does not discuss the purpose of life expectations reports and makes no mention of life settlement transactions.

17.    *In the fall of 2012, prior to issuance of the Collins Policy, Houchins, III and BLC obtained life expectancy reports on Mr. Collins to use in obtaining offers to purchase any life insurance policies that Houchins, III obtained on Mr. Collins' life. (Exh. 2, Houchins, III Depo. at 255, 375-378, 382-384, Exhs. 22, 54, 55; Exh. 6, Corporate Defendants' Depo. at 87-89, 174-182.)*

**RESPONSE:**    American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life. American Life objects that the asserted fact does not conform to the requirements of LR 56.1(B)(1).  American Life objects that Exhibit 22 to Houchins III's deposition is not properly authenticated and is not admissible summary judgment evidence. American Life objects to the statement that life expectancy reports were obtained "to use in obtaining offers to purchase any life insurance policies that Houchins III obtained on Mr. Collins' life," as it is not supported by the proffered deposition testimony and exhibits.

18.    *David Wolf ("Wolf") is a middleman/broker who worked with Houchins, III on numerous occasions to find purchasers to buy policies via life settlements. (Exh. 2, Houchins, III Depo. at 39-45, 67.)*

**RESPONSE:**     American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.  American Life objects that the asserted fact does not conform to the requirements of LR 56.1(B)(1), and that the proffered testimony does not support the asserted fact.  In particular, American Life objects to the use of "broker" (which is a legal term) and to the statement that David Wolff worked with Houchins III "to find purchasers to buy policies via life settlements," as it is not supported by the proffered deposition testimony.

*19.     Prior to the issuance of the Collins Policy, Houchins, III via Wolf obtained offers to purchase the Collins Policy. (Exh. 2, Houchins, III Depo. at 249-50, 257-58, Exhs. 21, 24.)*

**RESPONSE:**     American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.  American Life objects that the asserted fact does not conform to the requirements of LR 56.1(B)(1) and is not supported by the proffered testimony and exhibits.  The deposition testimony specifically states that the "deal never happened," and that Collins – the person with the ultimate authority to make such a deal – was not involved in the discussions.

*20.     Houchins, III, BLC, and Houchins, Jr., assisted Mr. Collins in applying for and obtaining the Collins Policy. (Exh. 2, Houchins, III Depo. at 19-20, 139-148, 341-358; Exhs. 3, 8, 12, 16, 45, 47, 48.)*

**RESPONSE:**     American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.  American Life further objects that the referenced exhibits have not been properly authenticated and are not competent, admissible summary judgment evidence.

21.     *Houchins, III and his subordinates filled out the applications which were submitted to Sun Life. (Exh. 2, Houchins, III Depo. at 118, 125, 235-37, Exhs. 8, 16; Exh. 6, Corporate Defendants' Depo. at 31, Exh. 4.)*

**RESPONSE:**     American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.  American Life also objects that Exhibit 8 to Houchins III's deposition and Exhibit 4 to Wood's deposition are not properly authenticated and are not admissible summary judgment evidence.

22.     *Houchins, III submitted at least 2 applications to Sun Life related to Mr. Collins. (Exh. 2, Houchins, III Depo. at 360-61.) The applications falsely stated that: (1) Mr. Collins' net worth was $3,100,000; (2) his income was $205,352; (3) the policy did not involve premium finance; (4) the policy was being obtained for an estate plan; and (5) the policy was not being obtained to sell to a third party. (Exh. 2, Houchins, III Depo. at 239-240, Exhs. 16, 48; Exh. 6, Corporate Defendants' Depo. at 31, Exh. 4.) The applications failed to disclose that Collins had obtained via Houchins, III a policy from Pacific Life. (Id.)*

**RESPONSE:**     American Life objects that the asserted facts are not material to the summary judgment issues before this Court and do not create a genuine issue to be tried as to American Life.  American Life further objects that

12

this additional fact does not comply with LR 56.1(B)(1), as it is not a separate, concise, numbered statement of a material fact, and it is not properly supported by competent, admissible summary judgment evidence.. American Life also objects that the asserted fact is not supported by the proffered testimony and exhibits.

23.    *Prior to the issuance of the Collins Policy, Houchins, III reached a deal to sell the Collins Policy via a life settlement. (Exh. 2, Houchins, III Depo. at 249, 257-58, Exhs. 21, 24.)*

**RESPONSE:**    American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.  American Life objects that the asserted fact is not supported by competent summary judgment evidence or by the proffered deposition testimony and exhibits because the deposition testimony states that a "deal never happened," and Collins – the only person with authority to make a deal – was not involved in any related discussions.   American Life also objects that this additional fact does not comply with LR 56.1(B)(1), as the term "life settlement" is a defined term under the Georgia Life Settlement Act and the use of the term here constitutes an improper legal conclusion.

24.    *Because the potential purchaser would not purchase policies insuring Tennessee residents, Houchins, III informed Wolf that the Collins Policy was "now on GA paper" and had been "re-issued in Georgia." (Id.)*

**RESPONSE:**      American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.  American Life objects that this additional fact does not comply with LR 56.1(B)(1), as it does not make clear the evidence to which it is citing.  To the extent JSSI is referring to the evidence cited in additional fact #23, American Life objects that the asserted fact is not supported by competent summary judgment evidence or the proffered testimony and exhibits.  The deposition testimony does not identify a potential purchaser or describe what they would or would not do.

*25.    In April 2008, Sun Life issued the Collins Policy which had a $2,000,000 death benefit. (Answer [Docs. No. 9] at 9 ¶ 25.) The Erwin A. Collins Irrevocable Life Insurance Trust – 2008 ("Trust") owned the Collins Policy at the time it was issued. (Exh. 2, Houchins, III Depo. at 182-83, Exh. 15.)*

**RESPONSE:**      No objection to the Court's consideration of the first sentence; however, American Life notes it does not conform to the requirements of LR 56.1(B)(1)(b), in that is solely a citation to pleadings and is not supported by competent summary judgment evidence.  American Life objects to the second sentence in that that Exhibit 15 to the Houchins III's deposition is not properly authenticated and is not admissible summary judgment evidence.  As to the second sentence, the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.

14

82407485v.3

26.     *Houchins, III paid the initial premiums related to the policy, i.e., he used BLC funds to obtain cashier's checks which referenced the 2008 Trust. Houchins, III claimed that these payments were part of a premium finance deal he had with Mr. Collins. (Exh. 2, Houchins, III Depo. at 263-65, Exh. 26; Exh. 6, Corporate Defendants' Depo. at 198-201, Exhs. 48, 49.)*

**RESPONSE:**      American Life objects that the asserted facts are not material to the summary judgment issues before this Court and do not create a genuine issue to be tried as to American Life.  American Life objects that the asserted facts are not supported by the proffered testimony and exhibits, or by competent summary judgment evidence.   Specifically, that portion of the statement that "Houchins III claimed that these payments were part of a premium finance deal he had with Mr. Collins," is not supported because the deposition testimony actually establishes that Houchins III and Collins entered into a premium finance agreement with non-party BLC and that Collins actually did pay BLC back for the borrowed funds. Additionally, the referenced exhibits are not properly authenticated.

27.     *Houchins, III set up and controlled a number of trusts to hold life insurance policies insuring Mr. Collins. (Exh. 2, Houchins, III Depo. at 18-20, 22-23.)*

**RESPONSE:**      American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.  American Life objects to that portion of the statement saying that Houchins III "controlled" trusts for Collins, as it is not

15

supported by the proffered deposition testimony or other competent summary judgment evidence.

28.     *Houchins, III enlisted Maria Gordillo, who was an acquaintance and worked in the same office park as him, to be designated as trustee for the Trust. (Exh. 2, Houchins, III Depo. at 20-21, 358-59; Exh. 7, Deposition of Jamie Pennington ("Pennington Depo.") at 25, 138-39.)*

**RESPONSE:**     American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.

29.     *Houchins, Jr. was the writing insurance agent related to the Collins Policy. (Exh. 6, Corporate Defendants' Depo. at 169.)*

**RESPONSE:**     American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.

30.     *The commissions Houchins, Jr. received related to the Collins Policy ultimately ended up in BLC. (Exh. 2, Houchins, III Depo. at 35-36; Exh. 6, Corporate Defendants' Depo. at 169.)*

**RESPONSE:**     American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.

31.     *After its issuance, the ownership of the Collins Policy was transferred on a number of occasions via life settlements. (Exh. 2, Houchins, III Depo. at 190, 197-199, 266, 272, 276-78, Exh. 27.)*

**RESPONSE:**        American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.  American Life objects to JSSI's description that the referenced transfers were "life settlements," as a "life settlement" is a defined term under the Georgia Life Settlements Act.  American Life also objects that Exhibit 27 is not properly authenticated and is not competent summary judgment evidence.

32.    *Shortly after the policy was issued, a beneficial interest in the Trust was sold to an entity known as Life Asset G. (Exh. 2, Houchins, III Depo. at 190, 197-199, 266, 272, Exh. 27; Exh. 6, Corporate Defendants' Depo. at 207-209.) Houchins, III facilitated this transaction, and one of his companies received broker compensation. (Id.)*

**RESPONSE:**        American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.  American Life also objects that Exhibit 27 is not properly authenticated and is not competent summary judgment evidence.

33.    *In conjunction with the sale of the beneficial interest in the 2008 Trust to Life Asset G, Houchins, III sent Life Asset G an altered and falsified copy of the Collins Policy. (Exh. 2, Houchins, III Depo. at 14-15, 167, 230, Exh. 1; Exh. 6, Corporate Defendants' Depo. at 52-60, 65-68, Exh. 14.)*

**RESPONSE:**        American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life. American Life objects that the asserted fact is not supported by the proffered deposition testimony and exhibits.  The exhibits are not

17

properly authenticated and cannot constitute competent summary judgment evidence.    American Life also objects that the asserted fact is argumentative, conclusory, and lacks proper foundation.

34.    *Houchins, filled out a policy application falsely stating that Mr. Collins lived in Roswell, Georgia and that Mr. Collins' Doctors practice medicine at Georgia addresses, attached the falsified application to a copy of the policy, and sent it to Life Asset G. (Exh. 2, Houchins, III Depo. at 14-15, 167, 230, Exh. 1 (C-000116, C-000124); Exh. 6, Corporate Defendants' Depo. at 52-60, 65-68, Exh. 14.)*

**RESPONSE:**    American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life. American Life objects that the asserted facts are not supported by the proffered deposition testimony and exhibits.  The exhibits are not properly authenticated and cannot constitute competent summary judgment evidence.    American Life also objects that the asserted fact is argumentative, conclusory, and lacks proper foundation.

35.    *Houchins, III altered and falsified the policy to reflect that Collins lived in Georgia because Life Asset G would not purchase policies insuring Tennessee residents. (Exh. 2, Houchins, III Depo. at 246-49, 257-58, Exhs. 19, 20, 21, 24.)*

**RESPONSE:**    American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.  American Life objects that the asserted facts are not supported by the proffered deposition testimony and exhibits.  The exhibits are not

properly authenticated and cannot constitute competent summary judgment evidence. American Life also objects that the asserted fact is argumentative, conclusory, and lacks proper foundation.

36.    *In conjunction with the transfers of the Collins Policy, on numerous occasions, Jamie Pennington, Houchins, III's assistant, who was employed by BLC, is employed currently by another entity controlled and owned by Houchins, and works for American Life, notarized the signatures of Mr. Collins and Ann Collins, his wife, when they did not sign the related documents in Pennington's presence. (Exh. 6, Corporate Defendants' Depo. at 121-22, 166-168, Exh. 34; Exh. 7, Pennington Depo. at 13, 80-82, 85, 93-94, 117-118, 121-125, Exhs. 43, 51, 65.)*

**RESPONSE:**    American Life objects that the asserted facts are not material to the summary judgment issues before this Court and do not create a genuine issue to be tried as to American Life. American Life objects that this additional fact does not comply with LR 56.1(B)(1), as it is not a separate, concise, numbered statement of a material fact, supported by citations to competent summary judgment evidence. American Life objects to the use of "In conjunction with the transfers of the Collins Policy," as it is not supported by the proffered deposition testimony and exhibits.

37.    *In 2010, Michael McDermott ("McDermott") formed Conestoga and certain related companies to obtain life insurance policies via life settlements and sell interests in such policies to investors. (Exh. 4, 8/20/19 McDermott Depo. at 18, 28-34.) McDermott formed the Conestoga Trust to hold the policies. (Exh. 4, 8/20/19 McDermott Depo. at 29.)*

**RESPONSE:**      American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.

38.   *In 2010, McDermott had discussions with James about James Settlement presenting polices to Conestoga for potential purchase by the Conestoga Trust. (Exh. 4, 8/20/19 McDermott Depo. at 61-62.)*

**RESPONSE:**      American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.

39.   *James Settlement wanted to avoid STOLI policies. (Exh. 1, 7/19/19 James Depo. at 55.) Among other things, it bought policies for its own benefit. (Exh. 1, 7/19/19 James Depo. at 67.)*

**RESPONSE:**      American Life objects that the asserted facts are not material to the summary judgment issues before this Court and do not create a genuine issue to be tried as to American Life.  American Life also objects to the extent the use of the term "STOLI" constitutes an impermissible legal conclusion.

40.   *From 2010 to 2015, James Settlement submitted to McDermott and Conestoga information about policies for potential purchase by the Conestoga Trust, and the Conestoga Trust purchased 54 policies via life settlements from James Settlement. (Exh. 5, 10/16/19 McDermott Depo. at 59.)*

**RESPONSE:**      American Life objects that the asserted facts are not material to the summary judgment issues before this Court and do not create a

genuine issue to be tried as to American Life.    American Life objects that the asserted facts are not supported by the proffered deposition testimony.

41.    *In 2012, after the ownership of the Collins Policy had been transferred several times, a purported trust known as the Erwin A. Collins Irrevocable Life Insurance Trust ("2007 Trust") obtained ownership of the Collins Policy. (Exh. 2, Houchins, III Depo. at 274-278, Exh. 31.) Houchins, III facilitated this transaction. (Exh. 2, Houchins, III Depo. at 274-75.) After the purported 2007 Trust obtained the policy, he paid the premiums. (Exh. 6, Corporate Defendants' Depo., Exh. 30.)*

**RESPONSE:**    American Life objects that the asserted facts are not material to the summary judgment issues before this Court and do not create a genuine issue to be tried as to American Life.  American Life objects to JSSI's description of the 2007 Trust as "purported" and to Houchins III's involvement in the transaction, as these statements are not supported by the proffered evidence and are argumentative.  American Life objects that the assertion "he paid the premiums" is not supported by the proffered evidence.

42.    *After the 2007 Trust acquired the Collins Policy, Houchins, III began soliciting potential purchasers for the policy. (Exh. 2, Houchins, III Depo. at 297; 299-300.)*

**RESPONSE:**    American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.

43.    *In 2012, Collins Missouri, LLC purchased the Collins Policy from the 2007 Trust via a life settlement. (Exh. 2, Houchins, III Depo. at 275-278, 298.) Houchins, III was the broker who facilitated this transaction, and Houchins, III or*

21

*one of the companies he controlled received compensation. (Exh. 2, Houchins, III Depo. at 297-303; Exh. 6, Corporate Defendants' Depo. at 211-212.)*

**RESPONSE:**       American Life objects that the asserted facts are not material to the summary judgment issues before this Court and do not create a genuine issue to be tried as to American Life.  American Life objects to JSSI's description of the sale of the Collins Policy to Collins Missouri, LLC as a "life settlement," as it is not supported by the proffered evidence, and constitutes an impermissible legal conclusion, as a "life settlement" is defined by the Georgia Life Settlements Act.  American Life objects to JSSI's description of Houchins III as a "broker," as it is not supported by the proffered evidence.  American Life also objects that the asserted facts do not conform to the requirements of LR 56.1(B)(1).

*44.    In September 2012, Houchins, III approached James Settlement about purchasing the Collins Policy via a life settlement, but before finalizing a deal the policy was sold to Collins Missouri, LLC. (Exh. 1, 7/19/19 James Depo. 27-28, 64, 67, 139; Exh. 2, Houchins, III Depo. at 297-98; Exh. 3, 10/17/19 James Depo. at 337-38.)*

**RESPONSE:**       American Life objects that the asserted facts are not material to the summary judgment issues before this Court and do not create a genuine issue to be tried as to American Life.  American Life objects to JSSI's description of the sale of the Collins Policy to Collins Missouri, LLC as a "life settlement," as it is not supported by the proffered deposition testimony.  American

82407485v.3

Life also objects that the asserted facts do not conform to the requirements of LR 56.1(B)(1).

45. *Houchins, III and BLF provide documents to James Settlement related to the Collins Policy, including a copy of the policy and a form providing information about the policy. (Exh. 3, 10/17/19 James Depo. at 337-38; Exh. 2, Houchins, III Depo. at 297-300; Exh. 6, Corporate Defendants' Depo. at 212-216, 220, Exhs. 50, 52; Answer [Doc. No. 9] at 11 ¶ 30.)*

**RESPONSE:**     American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.  American Life objects to the extent the asserted fact does not conform to the requirements of LR 56.1(B)(1)(b) in that it contains a citation to pleadings and is not supported by competent summary judgment evidence.

46. *The information form provided to James Settlement falsely stated the policy never involved premium finance. (Exh. 6, Corporate Defendants' Depo. at 212-216, Exh. 50.)*

**RESPONSE:**     American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.  American Life objects to the extent the asserted fact does not conform to the requirements of LR 56.1(B)(1)(b) in that it contains a citation to pleadings and is not supported by competent summary judgment evidence.

82407485v.3

47. *The copy of the policy provided by Houchins, III to James Settlement was not a true and correct copy of the Collins Policy. (Exh. 6, Corporate Defendants' Depo. at 220, Exh. 52.) The application attached to the copy of the policy Houchins, III provided to James Settlement falsely stated that the owner of the policy at the time the policy was issued was the 2007 Trust. (Exh. 6, Corporate Defendants' Depo. at 31, 220, Exhs. 4, 52 (James 0013250).)*

**RESPONSE:**      American Life objects that the asserted facts are not material to the summary judgment issues before this Court and do not create a genuine issue to be tried as to American Life.  American Life also objects that the asserted facts are not supported by the proffered testimony and exhibits, and the exhibits are not properly authenticated and are not admissible summary judgment evidence.

48. *Prior to purchasing the policy, James Settlement reviewed the policy and documents provided by Houchins, III. (Exh. 1, 7/19/19 James Depo. at 138.)*

**RESPONSE:**      American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.

49. *James also asked Houchins, III if the policy was a STOLI/manufactured policy, involved premium finance (an indication of a risky policy), was a beneficial interest policy (another indication of a risky policy), or was contestable. Houchins, III answered "no" to all these questions. If he had answered "yes" to any of the questions, James Settlement would have rejected the policy. Based on the documents and representations made by Houchins, III, BLF and BLC, James Settlement decided to purchase the Collins Policy. (Exh. 1, 7/19/19 James Depo. at 23-33.)*

**RESPONSE:**      American Life objects that the asserted fact is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.  American Life objects that this additional fact does not comply with LR 56.1(B)(1), as it is not a separate, concise, numbered statement of a material fact. American Life also objects that the asserted facts are an impermissible narrative from more than 10 pages of deposition testimony and are not supported by citations to competent summary judgment evidence.

*50.    In April 2013, James Settlement purchased the Collins Policy. (Exh. 3, 10/17/19 James Depo. at 273-74, Exh. 3.) Houchins, III and BLF acted as the broker, and James Settlement paid the related broker commission to BLF. (Exh. 1, 7/19/19 James Depo. at 27-28; Exh. 2, Houchins, III Depo. at 293.)*

**RESPONSE:**      No objection to the first sentence.  American Life objects that the second sentence is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.  American Life objects to JSSI's description of Houchins III's and BLF's position for the sale of the Collins Policy to JSSI as a "broker" and the payment as a "broker commission," as these statements are argumentative, not supported by the proffered evidence, and constitute impermissible legal conclusions.

*51.    On or around April 30, 2013, the Conestoga Trust purchased the Collins Policy from James Settlement. (Exh. 5, 10/16/19 McDermott Depo. at 43, Exh. 8.)*

**RESPONSE:**      No objection.

52.     *In 2013, Houchins terminated the legal existences of BLC and BLC. Thereafter, American Life provided services to BLF's and BLC's clients. (Exh. 6, Corporate Defendants' Depo. at 125, 232-34, 237-38, Exh. 35; Exh. 2, Houchins, III Depo. at 321, Exh. 41.)*

**RESPONSE:**      American Life objects the asserted facts are not supported by citations to competent summary judgment evidence.   American Life further objects that second sentence is not supported by the proffered deposition testimony and exhibits.

53.     *After Mr. Collins died, American Life and Houchins, III assisted James Settlement in obtaining the death certificate. In an email Houchins III sent to James Settlement using his American Life email address, Houchins, III states "[w]e service all of our policies through maturity, free of charge!" (Exh. 6, Corporate Defendants' Depo. at 125, Exh. 35 (Bonded Life 000845).)*

**RESPONSE:**      American Life objects to the first sentence as it is not supported by citation to competent summary judgment evidence.    American Life objects that the second sentence is not material to the summary judgment issues before this Court and does not create a genuine issue to be tried as to American Life.

54.     *In website pages, although American Life was not formed until 2013, Houchins, III and American Life represented that American Life is an 11 year old company and has been in business since 2006 which was the year that Houchins, III formed BLF and BLC. (Exh. 2, Houchins, III Depo., Exhs. 58, 59, 60.)*

**RESPONSE:**      American Life objects to that the asserted fact is not supported by citation to competent summary judgment evidence.   American Life also objects that the proffered exhibits lack foundation, have not been properly

26

authenticated, and cannot be presented in a form that would be admissible summary judgment evidence.

55.   *Houchins also continued to conduct business using BLF and BLC, e.g., using his BLF and BLC email address. (Exh. 6, Corporate Defendants' Depo. at 232-234; Exh. 2, Houchins, III Depo. at 315-316, Exhs. 38, 40.)*

**RESPONSE:**   American Life objects that the asserted facts are not material to the summary judgment issues before this Court and do not create a genuine issue to be tried as to American Life.  American Life further objects that the asserted fact is not supported by the proffered deposition testimony and exhibits. The deposition testimony specifically states that he "phased out" and "stopped" using the Bonded Life email address around the time these emails were sent.

56.   *On June 19, 2014, Collins passed away. (Complaint [Doc. No. 1] at 12 ¶ 36; Answer [Doc. No. 9] at 14 ¶ 36; Answer [Doc. No. 10] at 10 ¶ 36.)*

**RESPONSE:**   No objection to the Court's consideration of this fact; however, American Life notes that the asserted fact does not conform to the requirements of LR 56.1(B)(1)(b) in that it is solely a citation to pleadings and is not supported by competent summary judgment evidence.

57.   *On August 13, 2014, Conestoga submitted a death claim to Sun Life requesting payment of the $2,000,000 death benefit. (Complaint [Doc. No. 1] at 12 ¶ 36; Answer [Doc. No. 9] at 14 ¶ 36.)*

**RESPONSE:**   No objection to the Court's consideration of this fact; however, American Life notes that the asserted fact does not conform to the

requirements of LR 56.1(B)(1)(b) in that it is solely a citation to pleadings and is not supported by competent summary judgment evidence.

58.   On or about November 14, 2014, Sun Life filed an action against Conestoga styled *Sun Life Assurance Company of Canada v. Conestoga Trust Services, LLC*, United States District Court, Eastern District of Tennessee, Knoxville Division, No. 3:14-cv-00534, seeking a declaration that the policy was void because it was an illegal STOLI. *(Complaint [Doc. No. 1] at 12 ¶ 39; Answer [Doc. No. 9] at 15 ¶ 39; Answer [Doc. No. 10] at 11 ¶ 39.)*

**RESPONSE:**      No objection to the Court's consideration of this fact; however, American Life notes that the asserted fact does not conform to the requirements of LR 56.1(B)(1)(b) in that it is solely a citation to pleadings and is not supported by competent summary judgment evidence.

59.   After Sun Life refused to pay the death benefits, Houchins, III told James Settlement that there were no issues with the Collins Policy. For example, Houchins, III sent an email to James Settlement where he falsely represented that Sun Life "won't have a leg to stand on." *(Exh. 6, Corporate Defendants' Depo. at 125, 232-34, 237-38; Exh. 2, Houchins, III Depo. at 315-316, Exh. 40.)*

**RESPONSE:**      American Life objects that the asserted facts are not material to the summary judgment issues before this Court and do not create a genuine issue to be tried as to American Life.  American Life objects that the asserted facts do not conform to the requirements of LR 56.1(B)(1), as they are not a separate, concise, numbered statement of a material facts, supported by competent summary judgment evidence, but instead are an impermissible, argumentative conclusion that is not supported by the proffered deposition testimony and exhibits.

60.    *American Life participated in the communications that occurred with James Settlement after Sun Life refused to pay the death benefit. (Exh. 6, Corporate Defendants' Depo. at 125, Exh. 35; Exh. 2, Houchins, III Depo. at 321, Exh. 41.)*

**RESPONSE:**    American Life objects that asserted fact is not supported by the proffered deposition testimony and exhibits.  American Life also objects that the asserted fact does not conform to the requirements of LR 56.1(B)(1) and is not supported by competent summary judgment evidence.

61.    *At his deposition in the Sun Life case, Houchins, III exercised his right against self-incrimination under the Fifth Amendment of the Constitution of the United States and refused to testify. (Exh. 1, 7/19/19 James Depo. at 109-110; Exh. 2, Houchins, III Depo. at 325; Exh. 6, Corporate Defendants' Depo. at 148, 206.)*

**RESPONSE:**    American Life objects that the asserted facts are not material to the summary judgment issues before this Court and do not create a genuine issue to be tried as to American Life.  American Life is a corporation and cannot take the Fifth Amendment.  American Life also objects that the asserted fact is argumentative, prejudicial, conclusory, and has no bearing in this action, as Houchins III did not refuse to testify at his deposition in this case.

62.    *On July 12, 2017, the court in the Sun Life case entered an Order granting summary judgment in favor of Sun Life. The court in the Sun Life case found that Houchins, III designed and participated in an illegal wagering scheme to procure the Collins Policy, held that the Collins Policy was a STOLI policy and declared that the policy was void ab initio. (Complaint [Doc. No. 1] at 13 ¶ 41, Exh. A; Answer [Doc. No. 9] at 16 ¶ 41; Answer [Doc. No. 10] at 11 ¶ 41.)*

**RESPONSE:** No objection as to the first sentence. As to the remainder, American Life objects that the asserted fact does not conform to the requirements of LR 56.1(B)(1)(b) in that it is solely a citation to pleadings and is not supported by competent summary judgment evidence. American Life further states that the Tennessee District Court's ruling is the best evidence of its contents, and American Life denies that this fact creates a genuine issue to be tried as to American Life.

63. *On April 3, 2018, the United States Court of Appeals for the Sixth Circuit affirmed this ruling.*

**RESPONSE:** No objection to the Court's consideration of this fact; however, American Life denies that this fact creates a genuine issue to be tried as to American Life and further notes that the asserted fact does not conform to the requirements of LR 56.1(B)(1)(b) in that it is solely a citation to pleadings and is not supported by competent summary judgment evidence.

Respectfully submitted, this 7th day of February, 2020.

**LOCKE LORD LLP**

_/s/Elizabeth J. Campbell_
Elizabeth J. Campbell
Georgia Bar No. 349249
_ecampbell@lockelord.com_
Talis C. Trevino
Georgia Bar No. 181896
_talis.trevino@lockelord.com_
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, GA  30305
(404) 870-4600 - Telephone
(404) 806-5679 – Facsimile

_Attorneys for Defendants_

31

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS' RESPONSES TO PLAINTIFF JAMES SETTLEMENT SERVICES INTERNATIONAL, LLC'S STATEMENT OF ADDITIONAL MATERIAL FACTS RELATED TO ITS CLAIMS AGAINST DEFENDANT AMERICAN LIFE FUND CORP.** with the Clerk of Court using the CM/ECF system, which will automatically send notice of its filing to the following attorneys of record:

Joseph C. Sharp, Esq.
Matthew Scott Knoop, Esq.
**POLSINELLI, P.C.**
Suite 1100
1201 West Peachtree Street, NW
Atlanta, GA  30309

*Counsel for Plaintiff James Settlement Services International, LLC*

James C. Orr, Jr., Esq.
**HEYGOOD, ORR & PEARSON**
2nd Floor
2331 W. Northwest Hwy.
Dallas, TX 75220

Kimberly A. Worth, Esq.
**THRASHER WORTH, LLC**
Five Concourse Parkway
Suite 3200
Atlanta, GA  30328

*Counsel for Intervenor Plaintiff Conestoga Trust Services, LLC*

Dated: February 7, 2020.

**LOCKE LORD LLP**

*/s/Elizabeth J. Campbell*
Elizabeth J. Campbell
Georgia Bar No. 349249

82407485v.3